UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  93-06189-CR-GOLD/MCALILEY

UNITED STATES OF AMERICA,

 Plaintiff,

v.

DAVID BRUCE SHISOFF,

 Defendant.

_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S
## MOTION SEEKING RELIEF FROM JUDGMENT

 This Report and Recommendation addresses a motion filed by Defendant David

Shisoff, *pro se*, entitled: "Movant's Seeks Relief From Judgment Pursuant to Rule

60(b)(4)(5)(6), of Federal Rules of Civil Procedures, Because, the Judgment is no Longer

Equitable, the Judgment is of Error." [DE 314].  The government filed a memorandum in

opposition [DE 317], and the matter was referred for report and recommendation.  [DE 315].

This Court recommends that the Motion be denied.

 In paragraphs 1 through 7 of its memorandum [DE 317], the government provides a

concise summary of the lengthy procedural history of these proceedings, which this Court

hereby incorporates by reference.  That history can be boiled down even further as follows:

After being charged by Indictment and having pled guilty to drug and firearms charges, the

Defendant was sentenced in 1994 to a lengthy term of incarceration, followed by supervised

release.  Upon review on direct appeal, the Eleventh Circuit Court of Appeals remanded for

resentencing, and in 1997 the Defendant was resentenced to a total of 255 months incarceration, followed by four years of supervised release.[1]   The Defendant again challenged his sentence on direct appeal, and this time the sentenced was upheld. In 2000, the Defendant filed a motion to vacate his conviction and sentence pursuant to Title 28 U.S.C. § 2255, claiming he had not received the effective assistance of counsel at trial, that he had been convicted in violation of the double jeopardy clause of the Constitution, and that he was sentenced in violation of his right to due process of law. *See Shisoff v. United States*, Case No. 00-07098-CIV-ROETTGER. That petition was denied by another Judge of this Court, and the Defendant was not allowed to appeal that denial, as he was denied a certificate of appealability.

The Defendant filed this motion on March 29, 2006, which invokes subsections (4), (5) and (6) of Federal Rule of Civil Procedure 60(b), which states as follows:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(4), (5), (6).  Although he does not make this explicit in his motion, the only final judgment or order in a civil proceeding, to which the motion could be addressed, is the order that denied the Defendant's earlier § 2255 petition.[2]

---

[1] The Defendant is in custody, serving that sentence.

[2] In addition to filing his motion in the Defendant's underlying criminal case (which is captioned above) the Defendant also filed it in the collateral civil § 2255 action. *See Shisoff v.*

In his motion the Defendant challenges his conviction and sentence on a number of grounds which, to a large extent, rehash arguments he made years ago in his § 2255 petition. His arguments can be summarized as follows. First, the Indictment did not charge a specific quantity of drugs and his sentence improperly failed to account for this. Second, he was improperly convicted and sentenced on two separate counts, both of which penalized his use of a firearm, in violation of the double jeopardy clause, and his counsel was ineffective at sentencing when he failed to address this. Finally, the Defendant complains that he was sentenced when the Sentencing Guidelines were mandatory, and asks to be resentenced pursuant to *United States v. Booker*, 543 U.S. 220 (2005), under an advisory sentencing guidelines scheme.

Thus, it is clear from the content of his motion that the Defendant is once again attacking his underlying conviction and sentence on grounds cognizable only under § 2255. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), however, prohibits such a successive § 2255 petition, without prior authorization from the Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A), and § 2255(h).[3]

---

*United States*, Case No. 00-7098-ROETTGER, DE 26.

[3] The standard that the Court of Appeals must apply before it can allow a successive petition to go forward is high. The petition must contain:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

3

The Eleventh Circuit Court of Appeals, in *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F. 3d 1253 (11ᵗʰ Cir. 2004) (en banc), has made clear that a defendant can not label what is truly a habeas petition as a motion brought under Rule 60(b), and thereby avoid the restrictions imposed by AEDPA. The *Gonzalez* Court observed that § 2255 movants "have sought to circumvent the AEDPA's restrictions" on successive petitions and that "[o]ne of the most popular vehicles used in the attempted end-runs is a Fed.R.Civ.P. 60(b) motion requesting that the prior judgment denying [habeas] relief be set aside." *Id.* at 1256. The Court observed that a successive § 2255 petition, "cross-dressed as Rule [a] 60(b) motion[] . . . is not a true Rule 60(b) motion because it does not concern a defect in the earlier § 2255 proceeding which led to the judgment denying relief . . . ." *Id.* at 1263. Rather, it is the "functional equivalent" of a successive petition and the requirement that the Court of Appeals grant prior permission to bring the successive petition, applies. *Id.* at 1275.

The *Gonzalez* Court recognized only two circumstances in which a petitioner will be permitted to file a Rule 60 motion and have it treated by the district court as such: (1) when final judgment is reopened to correct a clerical error in the judgment itself, or (2) where there was fraud on the federal court that led to the denial of the habeas petition. *Id.* at 1278.

The Defendant here does not claim that there was any clerical error in the final judgment denying him habeas relief, or that fraud was used to obtain that judgment. His sole contention is that the judgment denying him habeas relief was wrong, and that his underlying criminal conviction and sentence were wrong. Thus, his Rule 60(b) motion is an effort to

---

28 U.S.C. § 2255(h).

4

relitigate a claim that has already been presented to this Court, and rejected, and for which he has not obtained permission from the Eleventh Circuit Court of Appeals to file. Accordingly, the Defendant's motion should be denied.

## RECOMMENDATION

For the reasons stated above, this Court respectfully **RECOMMENDS** that the Defendant's motion entitled: "Movant's Seeks Relief From Judgment Pursuant to Rule 60(b)(4)(5)(6), of Federal Rules of Civil Procedures, Because, the Judgment is no Longer Equitable, the Judgment is of Error" [DE 314], be **DENIED**.

## OBJECTIONS PERIOD

The parties may file written objections to this Report and Recommendation with the Honorable Alan S. Gold within **twenty days** of the date of this Report and Recommendation. Failure to timely file objections shall bar the parties from attacking on appeal any factual findings contained herein. *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988).

RESPECTFULLY SUBMITTED in chambers at Miami Florida this 10th day of September, 2008.

CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc:   The Honorable Alan S. Gold
      David Bruce Shisoff, *pro se*

5

All counsel of record